**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK WASHINGTON, | Case No. CV 22-01699-CBM (AS) |
| Plaintiff, | |
| v. | **ORDER TO PAY THE FILING FEE OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g)** |
| JACKIE LACEY, et al., | |
| Defendants. | |

Plaintiff, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2022. (Dkt. No. 1). Plaintiff did not prepay the filing fees. Instead, Plaintiff filed a Request to Proceed WIthout Prepayment of Filing Fees, or *In Forma Pauperis* ("IFP Request"), which was granted on April 22, 2022. (DKt Nos. 3, 7). Plaintiff's IFP Request is accompanied by a Trust Account Statement from the Los Angeles County Sheriff's Department that is dated March 8, 2022. (Dkt. No. 3 at 4). In his Complaint, which Plaintiff signed on February 17, 2022, Plaintiff states that he is "a state prisoner, located at [the] Los Angeles Men's Central Jail." (Dkt. No. 1 at 1, 49). Plaintiff names more than thirty defendants in this action (including four judges with the Los Angeles County Superior Court), and he seeks monetary damages. (*Id.* at 1-6, 48-49). The Complaint raises claims alleging constitutional deprivations arising from Plaintiff's arrest in April 2019,

interrogations subsequent to Plaintiff's arrest, the denial of bail, retaliation, conspiracy, racial discrimination, the use of handcuffs in violation of the Eighth Amendment, and fabrication of evidence, as well as state law claims. Because plaintiff is appearing *pro se* in this civil rights action, the Court must afford Plaintiff the benefit of any doubt. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

The Court has now screened the Complaint as prescribed by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. (Dkt. No. 8). In connection with the initial screening of the Complaint, the Court has reviewed past civil actions filed by Plaintiff in the federal district courts of California and the Ninth Circuit Court of Appeals.[1]

Plaintiff's litigation history reflects that he is subject to the provisions of 28 U.S.C. § 1915(g). Courts may raise § 1915(g) *sua sponte*. See, e.g., Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) ("[W]e may raise the issue of [Section 1915(g)] strikes *sua sponte*"; and a district court has the discretion to revoke IFP privilege); Harris v. City of New York, 607 F.3d 18, 23 (2nd Cir. 2010) ("district courts may apply the three strikes rule *sua sponte*"); Maxton v. Bureau of Prisons Dir., 2019 U.S. Dist. Lexis 121840, at *4, 2019 WL 3287832 (C.D. Cal. July 18, 2019) ("Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard."). Further, the provisions of § 1915(g) are not limited to actions that prisoners filed subsequent to the effective date of the statute. See, e.g., Tierney v. Kupers,

---

[1] The Court notes that Plaintiff makes no reference in his Complaint to the plethora of civil actions that he has filed in the District Courts of the Central, Eastern, Northern, and Southern Districts of California since 1995. Moreover, Plaintiff fails to mention the civil rights case that he filed in this District Court nearly contemporaneously with this action: Plaintiff's Case No. 2:22-cv-01552-GW (AS) was filed on March 7, 2022. Plaintiff dated the Complaint in that action on February 15, 2022 (Case No. 2:22-cv-01552, Dkt. No. 1 at 32), two days before the date on which Plaintiff signed his Complaint in this action. Plaintiff's accompanying IFP Request in that action is dated February 12, 2022. (Case No. 2:22-cv-01552, Dkt. No. 2 at 2). The Court has filed a separate Order to Pay the Filing Fee or Show Cause Why this Action Should Not Be Dismissed Pursuant to 28 U.S.C. § 1915(g) in Plaintiff's Case No. 2:22-cv-01552-GW (AS).

128 F.3d 1310, 1311 (9th Cir. 1997) (§ 1915(g) applies to cases dismissed prior to the current proceedings, which includes "dismissals that preceded the effective date of the act"); see also Witherow v. Crawford, 339 Fed. Appx. 785 (9th Cir. 2009) (citing Tierney, 128 F.3d at 1311-12, to support the applicability of § 1915(g) to actions dismissed prior to the statute's effective date) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).

Pursuant to § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such dismissal is deemed a "strike." As used in § 1915(g), a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in § 1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in § 1915(g)). In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a "strike" for purposes of §1915(g)). See O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008). Further, the Supreme Court has confirmed that § 1915(g) applies "to any dismissal for failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723, 207 L. Ed. 2d, 132 (2020).

Once a plaintiff has accumulated three "strikes," he is prohibited from pursuing any subsequent civil action in federal court without prepayment of the filing fees, unless he makes a showing that he was "under imminent danger of serious physical injury" based on the circumstances "at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007); 28 U.S.C. § 1915(g).  Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by Plaintiff (while he was a prisoner) in the United States District Courts of California that qualify as "strikes" for purposes of § 1915(g).  See Fed. R. Evid. 201(b)(2), (c)(1).

(1) - (3)  Washington v. Gomez, 1999 U.S. App. Lexis 22877, 1999 WL 730352 (9th Cir. Sept. 16, 1999).  The Ninth Circuit affirmed the dismissal of Plaintiff's civil rights case by the District Court for the Northern District of California in Case No. CV-98-1831-TEH (PR).  The Ninth Circuit noted that Plaintiff had been a prisoner at the time that he filed his Complaint in the action, and, in his appeal, Plaintiff did "not contend that the district court erred by identifying three prior actions as qualifying 'strikes' under § 1915(g)."  After concluding that Plaintiff had failed to allege any facts showing that he had been facing an imminent threat of serious physical injury at the time the action was initiated, the Ninth Circuit held that the District Court did not err in dismissing the action pursuant to § 1915(g).  In the district court opinion that was affirmed on appeal, District Judge Henderson found that Plaintiff had had "three or more prior prisoner actions dismissed by this court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted."  Judge Henderson's opinion cites three earlier cases: Washington v. Cambra, No. C 95–3356-TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); Washington v. Cambra, No. C 95–3641-TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); Washington v. Cambra, No. C 95–3763-TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal).  See Washington v. Gomez, et al., 1998 WL 296370 (N.D. Cal. June 1, 1998) (Case No. C 98-1831-THE-(PR)) (order of dismissal).

Although the Ninth Circuit's opinion does not itself count as a "strike," the Ninth Circuit affirmed the finding of the district court in Case No. C 98-1831 that Plaintiff's three earlier cases in the Northern District of California constituted "strikes" within the meaning of § 1915(g), and Plaintiff did not contend that the "strikes" from the cited cases he filed in 1995 did not qualify as "strikes." Accordingly, the three "strikes" that were identified by District Judge Henderson in Case No. C 98-1831 continue to count as "strikes" against Plaintiff in this action.

(4) <u>Washington v. United States District Court</u>, Case No. CV-01-00715-UA (AJW), United States District Court for the Central District of California, filed January 24, 2001. Plaintiff sought leave to proceed IFP. (Dkt. No. 1). On February 1, 2001, the case was dismissed on the grounds that it failed to state a claim upon which relief could be granted. (Dkt. No. 2). Plaintiff filed an appeal to the Ninth Circuit (Dkt. No. 3), which was denied on the grounds that the appeal lacked merit. (Dkt. Nos. 5-6). This constitutes only one "strike" because the Ninth Circuit did not find that the appeal was "frivolous." See <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1045-46 (9th Cir. 2016) (an appellate decision does not count as a separate strike unless the appellate court "expressly states that the appeal itself was frivolous, malicious, or fails to state a claim").

(5) <u>Washington v. United States District Court</u>, Case No. CV-07-01277-UA, United States District Court for the Central District of California, filed February 25, 2007. On March 23, 2007, Plaintiff's IFP Request was denied and the action dismissed on the grounds that "Plaintiff is a 'three strikes' filer within the meaning of 28 U.S.C. § 1915(g), and his allegations do not show that he 'is under imminent danger of serious physical injury.'" (Dkt. No. 2). Plaintiff filed a Notice of intent to Appeal the denial of his IFP Request to the Ninth Circuit (Dkt. Nos. 3-5), and the District Judge certified that the "proposed appeal is not taken in good faith under 28 U.S.C. § 1915(g) and is frivolous, without merit and does not present a substantial question." (Dkt. No. 6 at 3).

(6) <u>Washington v. State of Cal., et al.</u>, Case No. CV-07-02965-UA (AJW), United States District Court for the Central District of California, filed May 4, 2007. Plaintiff's IFP Request was denied on May 18, 2007, for failure to state any claim upon which relief may be granted. (Dkt. No. 3 at 2).

(7) <u>Washington v. Baca</u>, Case No. CV-08-02437-UA (AJW), United States District Court

Although the Ninth Circuit's opinion does not itself count as a "strike," the Ninth Circuit affirmed the finding of the district court in Case No. C 98-1831 that Plaintiff's three earlier cases in the Northern District of California constituted "strikes" within the meaning of § 1915(g), and Plaintiff did not contend that the "strikes" from the cited cases he filed in 1995 did not qualify as "strikes." Accordingly, the three "strikes" that were identified by District Judge Henderson in Case No. C 98-1831 continue to count as "strikes" against Plaintiff in this action.

(4) <u>Washington v. United States District Court</u>, Case No. CV-01-00715-UA (AJW), United States District Court for the Central District of California, filed January 24, 2001. Plaintiff sought leave to proceed IFP. (Dkt. No. 1). On February 1, 2001, the case was dismissed on the grounds that it failed to state a claim upon which relief could be granted. (Dkt. No. 2). Plaintiff filed an appeal to the Ninth Circuit (Dkt. No. 3), which was denied on the grounds that the appeal lacked merit. (Dkt. Nos. 5-6). This constitutes only one "strike" because the Ninth Circuit did not find that the appeal was "frivolous." See <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1045-46 (9th Cir. 2016) (an appellate decision does not count as a separate strike unless the appellate court "expressly states that the appeal itself was frivolous, malicious, or fails to state a claim").

(5) <u>Washington v. United States District Court</u>, Case No. CV-07-01277-UA, United States District Court for the Central District of California, filed February 25, 2007. On March 23, 2007, Plaintiff's IFP Request was denied and the action dismissed on the grounds that "Plaintiff is a 'three strikes' filer within the meaning of 28 U.S.C. § 1915(g), and his allegations do not show that he 'is under imminent danger of serious physical injury.'" (Dkt. No. 2). Plaintiff filed a Notice of intent to Appeal the denial of his IFP Request to the Ninth Circuit (Dkt. Nos. 3-5), and the District Judge certified that the "proposed appeal is not taken in good faith under 28 U.S.C. § 1915(g) and is frivolous, without merit and does not present a substantial question." (Dkt. No. 6 at 3).

(6) <u>Washington v. State of Cal., et al.</u>, Case No. CV-07-02965-UA (AJW), United States District Court for the Central District of California, filed May 4, 2007. Plaintiff's IFP Request was denied on May 18, 2007, for failure to state any claim upon which relief may be granted. (Dkt. No. 3 at 2).

(7) <u>Washington v. Baca</u>, Case No. CV-08-02437-UA (AJW), United States District Court

for the Central District of California, filed April 14, 2008. Plaintiff's IFP Request was denied on April 28, 2008, citing Plaintiff's earlier case, Washington v. Inglewood Parole Region, Case No. CV-99-12212-UA, in which plaintiff was ordered to attach a "Disclosure of Three Strikes" form to any further application for leave to proceed IFP. (Dkt. No. 2).[2] Plaintiff appealed the denial of his IFP Request to the Ninth Circuit (Dkt. Nos. 3-6), and, on June 12, 2008, the Ninth Circuit denied plaintiff leave to proceed with the appeal on the grounds that "the appeal is so insubstantial as to not warrant further review." (Dkt. No. 7).

In addition, the Court takes judicial notice of the following cases that previously held that Plaintiff could not proceed IFP in a civil action because he had already accumulated three "strikes" prior to when he initiated those actions:

(1) Washington v. Gomez, 1996 U.S. Dist. Lexis 17031, 1996 WL 682026 (N.D. Cal. Nov. 15, 1996) (denying Plaintiff's IFP Request and dismissing Case No. C 98-04064-TEH on the grounds that Plaintiff had "had 3 or more prior prisoner actions dismissed by this court on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted").

(2) Washington v. Inglewood Parole Reg., Case No. CV-99-12212-UA, United States District Court for the Central District of California, filed November 24, 1999. The case was closed on December 7, 1999, upon denial of Plaintiff's IFP Request. In a Report and Recommendation

---

[2] Plaintiff's Case No. CV-99-12212-UA was closed on December 7, 1999 (see above). The Central District of California's Civil Docket reflects that Plaintiff was ordered by District Judge Hatter on October 20, 2000, to "attach a copy" of a notice providing "Disclosure of 'Three Strikes' Under 28 U.S.C. § 1915(g) to (a) any complaint or (b) any application for leave to proceed *in forma pauperis*, which Plaintiff files in any civil action or appeal in any United States District Court or in any United States Court of Appeals." (Case No. CV-99-12212, ECF No. 18 (some internal quotation marks omitted)). In the "Disclosure" statement drafted by the District Court, the District Court cited 8 cases filed by Plaintiff that were closed between 1995 and 1998 and states that:
> Roderick Washington has, on three or more prior occasions while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief might be granted.

recommending that Plaintiff's subsequent Motion for Reconsideration be denied, the assigned magistrate judge stated that Plaintiff was "barred from proceeding IFP under 28 U.S.C. § 1915(g) when he filed his IFP application." Further, it was noted that Plaintiff had filed 52 actions since 1995, and the district court additionally took judicial notice of decisions in the Northern District of California that had dismissed actions filed by Plaintiff in that District on the grounds that Plaintiff had already accumulated three or more "strikes." The district court also took judicial notice of a case in the Eastern District of California in which Plaintiff's IFP status had been revoked after the district court discovered that Plaintiff had been barred by the Northern District from proceeding IFP pursuant to § 1915(g), citing Washington v. Galaza, Case No. CV 98-05379-OWW-SMS-P. Finally, the district court noted that Plaintiff had "misrepresented the number of prior lawsuits he has brought in federal court in connection with his IFP application." (Case No. CV-99-12212, Dkt. No. 15 at 6-9, 11). The Report and Recommendation in that action was adopted by District Judge Hatter, Plaintiff's motion for reconsideration was denied (Dkt Nos. 19, 28), and the Ninth Circuit declined to proceed on Plaintiff's appeal for lack of jurisdiction (Dkt. Nos. 38-39).

(3) Washington v. Centinela Hospital, Case No. CV-03-07353-UA (AJW), United States District Court for the Central District of California, filed October 15, 2003. On November 6, 2003, Plaintiff's IFP Request was denied and the case was dismissed on the grounds that Plaintiff had already accrued more than three strikes. (Dkt. Nos. 2, 8). Plaintiff's appeal to the Ninth Circuit Court of Appeal was subsequently dismissed as lacking merit. (Dkt. No. 12).

(4) Washington v. Gomez, et al., Case No. CV-05-05885-UA (AJW), United States District Court for the Central District of California, filed August 11, 2005. On August 19, 2005, Plaintiff's IFP Request was denied and the case was dismissed on the grounds that plaintiff had already accumulated "three strikes". (Dkt. No. 2 at 1).

(5) Washington v. United States District Court, Case No. C 07-0609 TEH, 2008 WL 787125 (N.D. Cal. Mar. 20, 2008). Plaintiff's IFP Request was denied pursuant to §1915(g). Noting that Plaintiff was "a frequent litigant in the federal courts," District Judge Henderson cited the following cases that count as prior "strikes" against Plaintiff: (1) Washington v. Cambra, No. C 95-3356 TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); (2) Washington v. Cambra, No. C 95-3641 TEH

(N.D. Cal. Nov. 7, 1995) (order of dismissal); (3) <u>Washington v. Cambra</u>, No. C 95-3763 TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal); (4) <u>Washington v. United States District Court</u>, No. C 04-5313 TEH (N.D. Cal. Dec. 20, 2004) (order of dismissal).

Although a dismissal of another civil action on the grounds that Plaintiff had already accumulated three "strikes" does not itself count as a "strike," all such earlier dismissals support the Court's determination in this action that Plaintiff may not proceed without prepayment of the filing fees. <u>See</u> <u>El-Shaddai</u>, 833 F.3d at 1042 ("Where a dismissal is based solely on a finding that the plaintiff has previously incurred at least three strikes, without any additional finding that the instant action is itself frivolous, malicious, or fails to state a claim, the dismissal does not count as an additional strike."). The Court, however, may take judicial notice of the findings of various other district courts that Plaintiff had already accumulated at least three qualifying "strikes" by 1996. Moreover, the decisions in these other district court cases attest to Plaintiff's protracted and persistent pattern of filing frivolous pleadings in the federal courts.

Finally, the Court takes judicial notice of a proceeding in 2006 in the California Court of Appeal in which Plaintiff was declared a vexatious litigant pursuant to Cal. Code Civ. Proc. §§ 391, 391.7. Although this state court decision cannot support the Court's finding herein that Plaintiff is barred from proceeding IFP in any civil action or appeal of a civil action in a **federal court** unless he can show that he was under "imminent danger of serious physical injury" 28 U.S.C. § 1915(g), it sheds additional light on Plaintiff's prodigious litigation history. The California Court of Appeal cited "22 meritless appeals that Mr. Washington has filed in the Court of Appeal since September 2004," and found that Plaintiff "clearly meets the statutory definition of a vexatious litigant." <u>In re Finding of Roderick Washington as a Vexatious Litigant</u>, 2006 Cal. App. Unpub. Lexis 4455, at *5-*6, 2006 WL 1401729, at *2 (Cal. App. May 23, 2006).

Accordingly, because Plaintiff had already accumulated significantly more than three strikes before he initiated this action, Plaintiff is precluded from proceeding IFP herein unless he can

show that, at the time he initiated this action, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." See Andrews, 493 F.3d at 1053. Here, nothing in the factual allegations in the Complaint raises a reasonable inference that Plaintiff faced imminent danger of serious physical injury at the time that he initiated this action. The Court, however, must allow Plaintiff the opportunity to be heard on the matter before denying his IFP Request or dismissing this action pursuant to 28 U.S.C. §1915(g).

IT IS HEREBY ORDERED that, on or before July 8, 2022, Plaintiff shall pay the full filing fees in this action, or he shall show cause in writing, if there be any, why leave to proceed IFP should not be revoked and the action dismissed on the ground that he had suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) before initiating this action.

Plaintiff's failure to comply with this Order will be deemed by the Court as plaintiff's consent to the dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: June 2, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

9